UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLOS D. MOLINET,

    Plaintiff,

    v.

J. MORGAN, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-194-JD-MGG

OPINION AND ORDER

Carlos D. Molinet, a prisoner without a lawyer, brings this case alleging excessive force in violation of the Eighth Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the Complaint, on February 10, 2018, Defendant J. Morgan shot Molinet four times with a pepper ball gun from a distance of less than three feet, hitting him twice on his right knee, once on his left thigh, and once on his left testicle. ECF 1 at 3. At the time, Molinet was inside a shower cage, was accompanied by seven correctional officers, and was "showing no harm to [himself] or any staff member." *Id.* The shots caused bleeding and swelling on Molinet's thigh and swelling on his testicle.

*Id.* at 3–4. Molinet makes two claims: (1) Morgan used excessive force by shooting him with pepper balls at close range, and (2) Defendants M. Porter, R. Lever, Evans, E. Armstrong, and two unknown officers failed to protect him in connection with the incident. *Id.* at 4.

The "'unnecessary and wanton infliction of pain' on a prisoner violates his rights under the Eight Amendment." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "core judicial inquiry" in evaluating an officer's use of force against a prisoner is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To determine whether force was applied in good faith, the court considers several factors, "including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (quoting *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004)). Here, Molinet states he was inside a secure shower cage at the time of the shooting and was not engaged in activity that would cause harm to himself or the staff. ECF 1 at 3. These facts support an inference that Morgan's use of force was not needed to maintain or restore discipline. Thus, Molinet states a claim and may proceed against J. Morgan for excessive force.

State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000)

(*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, Molinet has not alleged facts from which it can be plausibly inferred that the other officers present at the time of the incident had a realistic opportunity to stop Morgan. He merely states they were present; he provides no facts indicating any of these officers knew Morgan was going to shoot, nor that they could easily have prevented him from doing so. Thus, he has not stated a claim for failure to protect.

For these reasons, the court:

(1) GRANTS Carlos D. Molinet leave to proceed against J. Morgan in his individual capacity for compensatory damages for shooting him four times with a pepper ball gun at close range on February 10, 2018, in violation of the Eighth Amendment;

(2) DISMISSES Defendants M. Porter, R. Lever, Evans, E. Armstrong, Unknow Officer, and Unknow Officer;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process on J. Morgan at the Indiana Department of Correction with a copy of this order and the Complaint (ECF 1); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that J. Morgan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 11, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT